## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| **JULIE LOFQUIST, surviving spouse of** | ) | |
| **Duane Lofquist, deceased** | ) | |
| **527 S.E. Maple Drive** | ) | |
| **Blue Springs, MO 64010** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| **Serve: Office of Chief Counsel** | ) | |
| **U.S. Department of Veteran Affairs** | ) | |
| **Building 25, Room 308** | ) | |
| **1 Jefferson Barracks Drive** | ) | |
| **St. Louis, MO 63125** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BIO-MEDICAL APPLICATIONS OF** | ) | |
| **MISSOURI, INC., D/B/A FRESENIUS** | ) | |
| **KIDNEYCARE BLUE SPRINGS** | ) | |
| **Serve: The Corporation Company** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ABID R. KHAN, M.D.** | ) | |
| **Serve at Place of Employment:** | ) | |
| **2340 East Meyer Blvd., Bldg. 2 Suite 480** | ) | |
| **Kansas City, MO 64132** | ) | |
| | ) | |
| **and** | ) | |
| **MIDWEST NEPHROLOGY** | ) | |
| **CONSULTANTS, PC** | ) | |
| **Serve Registered Agent:** | ) | |
| **SMF Registered Services, Inc.** | ) | |
| **1201 Walnut St, Ste 2900** | ) | |
| **Kansas City, MO 64106** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |

**NURSING & REHAB at CARMEL HILLS,** )
**LLC, D/B/A REDWOOD OF CARMEL HILLS** )
    **Serve Registered Agent:** )
    **Vcorp Agent Services, Inc.** )
    **120 S. Central Avenue Suite 400** )
    **Saint Louis, MO 63105** )
     )
    **and** )
     )
**SRINATH TADAKAMALLA, M.D.** )
**Serve:**
**3001 East Elm Street** )
**Harrisonville, MO 64704** )
                **Defendants.** )

## COMPLAINT
### (*Allegations Common to All Counts*)

COMES NOW Plaintiff Julie Lofquist, and for her allegations common to all counts of this Complaint against Defendants states and alleges:

1.     Decedent Duane Lofquist was at all material times a resident of Redwood of Carmel Hills, 810 E Walnut Street, Independence, Missouri 64050, where he was a patient. At all material times, Decedent Duane Lofquist was a veteran of the United States Armed Forces and was treated at pertinent times by Department of Veteran Affairs, Kansas City VA Medical Center, 4801 E. Linwood Boulevard, Kansas City, Missouri 64128.

2.     This action is brought in accordance with the Missouri Wrongful Death Statute Mo. Rev. Stat. § 537.080 et seq.

3.     At all material times, Plaintiff Julie Lofquist was the wife of Decedent Duane Lofquist. Plaintiff Julie Lofquist resides at the above captioned address in Jackson County, Missouri. Plaintiff Julie Lofquist is a proper party to bring this suit in the wrongful death of Decedent Duane Lofquist pursuant to Mo. Rev. Stat. § 537.080 (1).

4.     Defendant United States of America (hereinafter referred to as "Defendant USA") is a government entity, which has facilities throughout the United States, and in particular, the Department of Veteran Affairs, Kansas City VA Medical Center, 4801 E. Linwood Boulevard, Kansas City, Missouri 64128.

5.     Defendant Bio-Medical Applications of Missouri, Inc., d/b/a Fresenius Kidney Care Blue Springs (hereinafter referred to as "Defendant Fresenius") is and was at all times a incorporated in Massachusetts but operating and doing business as Fresenius Kidney Care Blue Springs in Blue Springs, Missouri, and was registered at all material times to do business in Missouri with a registered agent in Missouri, and committed tortious acts as alleged below, such that jurisdiction is proper pursuant to Mo. Rev. Stat. § 506.500.

6.     At all material times, individuals were acting as employees, agents, and/or servants of Defendant Fresenius, such that Defendant Fresenius is legally liable and responsible for their negligent acts as stated below.

7.     Based upon information and belief, Defendant Abid R. Khan, M.D., a licensed physician in Missouri, is an agent or employee of Defendant Fresenius, who at all material times was working at Fresenius Kidney Care of Blue Springs, Missouri. At all material times, Defendant Khan was holding himself out as physician and providing medical care to Decedent, and acting under color of state law.

8.     Defendant Midwest Nephrology Consultants, PC (hereinafter referred to as "Defendant Midwest Nephrology") is and was at all times a professional corporation with is principal place of business in Missouri and registered to do business in Missouri. At all times relevant, Defendant Khan was a member of Defendant Midwest Nephrology's officers.

9.     At all material times, individuals were acting as employees, agents, and/or servants of Defendant Midwest Nephrology, such that Defendant Midwest Nephrology is legally liable and responsible for their negligent acts as stated below.

10.     In the alternative, Defendant Abid R. Khan, M.D. is and was at all times a Defendant Midwest Nephrology employee or agent.

11.     Defendant Nursing & Rehab at Carmel Hills, LLC, d/b/a Redwood of Carmel Hills  is and was at all times a limited liability company organized in the State of Missouri with a registered agent in Missouri.

12.     Defendant Nursing & Rehab at Carmel Hills, LLC, d/b/a/ Redwood of Carmel Hills (hereinafter referred to as "Defendant Redwood of Carmel Hills") owned, operated, managed, maintained, and/or controlled-in whole or in part-Redwood of Carmel Hills which is a Missouri licensed nursing home located at 810 East Walnut, Independence, MO 64050.

13.     Based upon information and belief, Defendant Srinath Tadakamalla, M.D., a licensed physician in Missouri, is an agent or employee of Defendant Redwood of Carmel Hills , who at all material times was working at Defendant Redwood of Carmel Hills. At all material times, Defendant was holding himself out as physician and providing medical care to Decedent, and acting under color of state law.

14.     This Court has jurisdiction over this matter pursuant to Title 28, U.S.C. § 2671, et seq., the Federal Tort Claims Act, and pursuant to Title 28, U.S.C. § 1346.  This case arises in the State of Missouri, more specifically the Western District of Missouri. Venue lies in this Court as the negligent acts complained of occurred in Jackson County, Missouri pursuant to 28 U.S.C. § 1391.

15.     Plaintiffs timely filed an administrative claim "Form 95" for personal injury with

the Department of Veterans Affairs. Such claim was received by the Department of Veteran Affairs on March 8, 2022. More than six (6) months have elapsed since the filing of the administrative claim with no final disposition of such claim.

16.     At all material times, the health care providers and/or personnel who attended Decedent Duane Lofquist on his admissions and health care treatment at Kansas City VA Medical Center from October 9, 2019, until his death on March 15, 2020, directly and indirectly were employed as agents, servants and/or employees of Defendant USA. In doing and omitting to do all the things alleged herein, Defendant USA's agents, servants, and/or employees were acting within the scope and course of their employment as health care providers and/or personnel for Defendant USA, and Decedent Duane Lofquist was monitored and treated by Defendant health care provider's agents, servants, and/or employees.

<u>FACTUAL ALLEGATIONS</u>

17.     Decedent Duane Lofquist, at the time of his death, was a 71-year-old male with end-stage renal disease and a functioning left brachioradialis hemodialysis access.

18.     Decedent had a bone marrow transplant in 2015 for lymphoma, as a result of complications surrounding the transplant Decedent suffered a kidney injury and end-stage renal disease requiring dialysis. Decedent underwent a left brachial cephalic arteriovenous fistula at the University of Kansas Hospital.

19.     On March 1, 2016, Decedent's access was revised to a left brachial basilic graft.

20.     On October 9, 2019, Decedent underwent a successful endovascular graft thrombectomy with angioplasty at Defendant USA, Kansas City VA Medical Center by Dr. Dion Depaolis. The vascular surgeon noted that the imaging demonstrated the graft with pseudoaneurysm.

21.     On November 8, 2019, Decedent underwent a fistulogram with mechanical thrombectomy and thrombolysis at Defendant USA, Kansas City VA Medical Center by Dr. Dion Depaolis.

22.     On January 9, 2020, a fistulogram was performed by Dr. Dion Depaolis at Defendant USA, Kansas City VA Medical Center. Aneurysmal degeneration was documented on January 16, 2020, by Dr. Scott Kujath, and resident physician, Dr. Maheer Masood, at Defendant USA, Kansas City VA Medical Center.

23.     On February 7, 2020, Defendant Khan evaluated Decedent at Defendant Fresenius, and did not examine Decedent's dialysis fistula.

24.     From February 13, 2020, through February 21, 2020,  Decedent was admitted to Defendant USA, Kansas City VA Medical Center following a fall with possible influenza and hypotension.

25.     On February 15, 2020, Decedent experienced profuse bleeding from his access with nursing documented that "blood began to spray out of the fistula site."

26.     A rapid response was called secondary to the bleeding fistula.  The fistula bleed for more 90 minutes.  Dr. Hemir Qader, general surgery resident on the VA Vascular Surgery Team, evaluated Decedent and applied a pressure dressing.

27.     Nurse Practitioner Meriam Grizzle of the VA Vascular Surgery Team consulted, documenting "right upper arm with bleeding fistula, no appreciable bruit and thrill."  Ms. Grizzle stated that there was no need for surgical intervention.

28.     On February 18, 2020, Decedent underwent a transcatheter thrombectomy and angioplasty of the dialysis fistula at by Dr. Dion Depaolis at Defendant USA, Kansas City VA Medical Center. No central venous stenosis was seen; however, the pseudoaneurysms remained.

29.     On February 19, 2020, Dr. Scott Kujath, Chief of Vascular Surgery, documented that it was "Ok to use fistula for dialysis."

30.     Decedent was admitted to Defendant Redwood of Carmel Hills on February 21, 2020, where he remained a patient until his death.

31.     Defendant Tadakamalla admitted Decedent on February 21, 2020, and did not examine Decedent's fistula.

32.     From February 21, 2020, until Decedent's death, the employees, agents and/or servants of Defendant Redwood of Carmel Hills did not document an exam of Decedent's dialysis fistula.

33.     On February 26, 2020, Erin Willyard, nurse at Defendant Fresenius, documented that Decedent came in from Defendant Redwood of Carmel Hills with bandages still on his arm from his previous dialysis visit on February 24, 2020. Ms. Willyard called Defendant Redwood of Carmel Hills to speak nursing to inform them about the importance of removing and changing Decedent's dressing.

34.     On February 28, 2020, at Defendant Fresenius, Decedent was bleeding for 45 minutes after completion of his dialysis. The staff could not stop the bleeding.

35.     Defendant Fresenius called 911 and Decedent was transported  by ambulance to the Defendant USA, Kansas City VA Medical Center Emergency Department.

36.     Dr. Robert Prosser, emergency physician at Defendant USA, Kansas City VA Medical Center Emergency Department, found a small high pressure bleed from the mid-fistula. He placed a single suture into the site of bleeding and applied pressure, noting that the fistula was becoming friable.

37.     On March 2, 2020, Decedent was evaluated by Defendant Khan at Defendant

Fresenius. Defendant Khan did not examine Decedent's fistula.

38.     On March 4, 2020, Nurse Practitioner Brenna Johnston evaluated Decedent stating that his fistula had a thrill, but did not document on the fistula's integrity or the presence of pseudoaneurysms.

39.     On  March 9, 2020, Defendant Tadakamalla evaluated Decedent, and did not examine Decedent's fistula.

40.     On March 6 and March 9, 2020, Decedent received dialysis at Defendant Fresenius. No one documented examining Decedent's fistula.

41.     On March 11, 2020, Nurse Willyard of Defendant Fresenius noted that Decedent came from Defendant Redwood of Carmel Hills with the dressing from his previous dialysis treatment still over the access. Nurse Willyard did not document an examination of Decedent's fistula.

42.     On March 13, 2020, Nurse Willyard of Defendant Fresenius evaluated Decedent and did not document an examination of Decedent's fistula.

43.     On the evening of March 15, 2020, Decedent was found in cardiac arrest and bleeding from the left upper extremity dialysis fistula in his room at Defendant Redwood of Carmel Hills.

44.     The EMS report stated there was blood everywhere and Defendant Redwood of Carmel Hills nurse reported that Decedent's fistula "blew out."

45.     Medics noted blood-soaked bedding, blood beside and under the bed, as well as over the baseboards. Medics estimated there was three liters of blood all over the room, however they suspected it was more.

COUNT I

*(Defendant USA - Wrongful Death)*

COMES NOW Plaintiff Julie Lofquist and for Count I of this Complaint against Defendant USA, pursuant to Mo. Rev. Stat. §537.080, states and alleges:

46.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47.     That Defendant USA, operating individually and through its agents, servants, and/or employees, had a duty to Decedent to provide medical care in accordance with the accepted standards of care for physicians and other medical providers.  Defendant USA further had a duty, by and through its agents, servants, and/or employees to provide proper medical care to its patients at the Kansas City VA Medical Center and, in particular to Decedent Duane Lofquist.

48.     That Defendant USA, operating individually and through their agents, servants, and employees, breached said duties and were negligent in failing to use that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of their profession.

49.     Defendant USA was negligent in the following ways:

a.  In negligently and carelessly failing to properly evaluate Decedent;

b.  In negligently and carelessly discharging Decedent and allowing him to return to Defendant Redwood of Carmel Hills, even after noting the condition of his dialysis fistula on multiple occasions;

c.  In negligently and carelessly failing to admit the Decedent to Defendant USA, Kansas City VA Medical Center for monitoring and treatment;

d.  In negligently and carelessly failing to appropriately examining and

evaluating fistula;

e. In negligently and carelessly not accurately document the examination of Decedent's fistula, not only violating the standard of care, but also in violation of Mo. Rev. Stat. § 334.097;

f. In negligently and carelessly managing and caring for Decedent's fistula, including but not limited the treatment of the pseudoaneurysms, erosions and friable areas with revision and/or other appropriate procedures;

g. In negligently allowing Decedent to continue to use the fistula as an access point for dialysis;

h. In negligently and carelessly discharging Decedent with a life-threatening condition on multiple occasions; and

i. In negligently mismanaging Decedent's condition.

50. As a direct and proximate result of the negligence of Defendant USA, Decedent Duane Lofquist died.

51. As a direct and proximate result of the negligence of Defendant USA, Plaintiff Julie Lofquist, as the wife and heir at law of Decedent Duane Lofquist, has suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of marital care, attention, advice, and counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiff Julie Lofquist prays for judgment against Defendant USA under Count I of this Complaint, for just and fair compensation adequate to compensate Plaintiff for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiff's costs herein incurred and expended, and for such and further

relief as the Court may deem just and necessary under the circumstances.

## COUNT II

(*Defendants Fresenius, Khan, and Midwest Nephrology – Wrongful Death*)

COMES NOW Plaintiff Julie Lofquist and for Count II of this Complaint against Defendants Fresenius, Khan and Midwest Nephrology, pursuant to Mo. Rev. Stat. §537.080, states and alleges:

52.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

53.     As a result of the physician-patient relationship existing between Defendant Abid R. Khan, M.D. and Decedent Duane Lofquist, Defendant Khan had a duty Decedent to exercise and furnish such degree of skill, learning, and care as a reasonable prudent and careful health care provider and specialist would have ordinarily provided to Decedent under similar circumstances.

54.     Defendant Fresenius, operating individually and through its agents, servants, and/or employees, including but not limited to Defendant Khan, had a duty to Decedent to exercise and furnish such degree of skill, learning, and care as a reasonable prudent and careful health care provider would have ordinarily provided to Decedent under similar circumstances.

55.     Defendant Midwest Nephrology, operating individually and through its agents, servants, and/or employees, including but not limited to Defendant Khan, had a duty to Decedent to exercise and furnish such degree of skill, learning, and care as a reasonable prudent and careful health care provider would have ordinarily provided to Decedent under similar circumstances.

56.     Defendants Fresenius' and Midwest Nephrology's agents, servants, and/or

employees, including but not limited to Defendant Khan, and Defendant Khan, individually, failed to use that degree of skill, care, learning, and judgment ordinarily used under similar circumstances by members of their profession and specialty and otherwise breached their duty of care and was negligent in the following ways:

      a.  In negligently and carelessly failing to properly evaluate Decedent;

      b.  In negligently and carelessly not accurately document the examination of Decedent's fistula, not only violating the standard of care, but also in violation of Mo. Rev. Stat. § 334.097;

      c.  In negligently and carelessly failing to refer the Decedent for urgent vascular surgical evaluation and treatment of Decedent's dialysis fistula;

      d.  In negligently allowing Decedent to continue to use the fistula as an access point for dialysis;

      e.  In negligently and carelessly discharging Decedent with a life-threatening condition on multiple occasions; and

      f.  In negligently mismanaging the Decedent's condition.

57.    As a direct and proximate result of the negligence of Defendants Fresenius, Midwest Nephrology and Khan, Decedent Duane Lofquist died.

58.    As a direct and proximate result of the negligence of Defendants Fresenius, Midwest Nephrology and Khan, Plaintiff Julie Lofquist, as the wife and heir at law of Decedent Duane Lofquist, has suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of marital care, attention, advice, and counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiff Julie Lofquist prays for judgment against Defendants Fresenius,

Midwest Nephology and Khan under Count II of this Complaint, for just and fair compensation adequate to compensate Plaintiff for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiff's costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

COUNT III

(*Defendant Red Wood of Carmel Hills and Defendant Tadakamalla – Wrongful death*)

COMES NOW Plaintiff Julie Lofquist and for Count III of this Complaint against Defendant Redwood of Carmell Hills and Defendant Tadakamalla, pursuant to Mo. Rev. Stat. §537.080, states and alleges:

59.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

60.    As a result of the physician-patient relationship existing between Defendant Srinath Tadakamalla, M.D., and Decedent Duane Lofquist.  Defendant Tadakamalla had a duty Decedent to exercise and furnish such degree of skill, learning, and care as a reasonable prudent and careful health care provider and specialist would have ordinarily provided to Decedent under similar circumstances.

61.    Defendant Redwood of Carmel Hills operating individually and through its agents, servants, and/or employees, including but not limited to Defendant Tadakamalla, had a duty to Decedent to exercise and furnish such degree of skill, learning, and care as a reasonable prudent and careful health care provider would have ordinarily provided to Decedent under similar circumstances.

62.    Defendant Redwood of Carmel Hills and Defendant Tadakamalla failed to use

that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of its profession in that Defendant Redwood of Carmel Hills acting by and through their employees and/or agents and/or servants, including but not limited to Defendant Tadakamalla, were negligent in the following ways:

      a.  In negligently and carelessly failing to properly evaluate Decedent;

      b.  In negligently and carelessly not accurately document the examination of Decedent's fistula, not only violating the standard of care, but also in violation of Mo. Rev. Stat. § 334.097;

      c.  In negligently and carelessly failing to refer the Decedent to for urgent vascular surgical evaluation and treatment of the pathology affecting the AV access; and

      d.  In negligently mismanaging the Decedent's condition.

63.    As a direct and proximate result of the negligence of Defendant Redwood of Carmel Hills and Defendant Tadakamalla, Decedent Duane Lofquist died.

64.    As a direct and proximate result of the negligence of Defendants Redwood of Carmell Hills and Defendant Tadakamalla, Plaintiff Julie Lofquist, as the wife and heir at law of Decedent Duane Lofquist, has suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of marital care, attention, advice, and counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiff Julie Lofquist prays for judgment against Defendant Redwood of Carmel Hills and Defendant Tadakamalla under Count III of this Complaint, for just and fair compensation adequate to compensate Plaintiff for the injuries and damages suffered and

incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiff's

costs herein incurred and expended, and for such and further relief as the Court may deem just

and necessary under the circumstances.

Respectfully submitted,

/s/ Leland F. Dempsey
Leland F. Dempsey    MO# 30756
Diane Plantz         MO# 71584
Dempsey & Kingsland, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868
(816) 421-2610 facsimile
ATTORNEYS FOR PLAINTIFFS


## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff and demands a trial by jury on all issues in the above captioned

case.

Respectfully submitted,

/s/ Leland F. Dempsey
Leland F. Dempsey    MO# 30756
Diane M. Plantz      MO# 71584
Dempsey & Kingsland, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868
(816) 421-2610 facsimile
ATTORNEYS FOR PLAINTIFFS